**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTOPHER SCHUETTE, a single man,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PHOENIX, *et al.*,<br><br>    Defendants. | No. CV-08-2018-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendants' Motion to Strike Plaintiff's Expert, Dean Cummings, M.D.. (Dkt. #36). Having considered the Parties' briefs and decided that oral argument is unnecessary, the Court issues the following Order.

I.     FACTUAL BACKGROUND

The pertinent facts underlying the instant motion are not disputed by the Parties. On December 24, 2008, this Court entered a Scheduling Order setting forth various deadlines, including the disclosure of expert witnesses and their reports. (Doc. #17). The Court directed Plaintiff to make all expert disclosures as required by Rules 26(a)(2)(A)–( C) of the Federal Rules of Civil Procedure no later than March 30, 2009. It also directed Defendants to make their expert disclosures no later than May 15, 2009, and gave Plaintiff until June 15, 2009, to disclose any rebuttal expert disclosures.

On March 30, 2009, Plaintiff sent his Fourth Supplemental Disclosure Statement to

Defendant. In that disclosure, Plaintiff identified Dean Cummings, M.D., as an expert witness and disclosed the anticipated subject of Cummings' testimony, but did not provide Defendants with Dr. Cummings' expert report. Instead, Plaintiff notified Defendants that "Schuette will report back to Dr. Cummings [for an Independent Medical Examination] on April 27, 2009 and he will supplement this disclosure with Dr. Cummings [sic] report." After Plaintiff's appointment on April 27, 2009, Cummings prepared his expert report and sent it to Plaintiff, who received the report on May 14, 2009. On May 15, 2009, Defendants disclosed Douglas Hartzler, M.D. as an expert, attaching his expert report to their disclosure. On May 22, 2009, seven days after he received Dr. Cummings' report, Plaintiff sent Defendants his Seventh Supplemental Disclosure Statement, which included the "Report of Dean Cummings M.D. re Schuette." Finally, the Parties do not dispute that Plaintiff intends to rely on Dr. Cummings as an expert witness, not as a treating physician.

II. DISCUSSION

Defendants move that this Court strike Dr. Cummings as an expert and strike his expert report ("Cummings Report") as well. In support of their position, Defendants make two arguments: (1) Plaintiff's disclosure of the Cummings Report was untimely; and (2) Plaintiff's disclosure of Dr. Cummings as an expert does not comply with Rule 26(a)(2). Before addressing the substance of Defendants' arguments, the Court will briefly set forth the applicable legal standard.

1. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure sets forth general provisions governing the discovery process. See generally FED. R. CIV. PRO. R.26. More specifically, rule 26(a)(2) covers the disclosure of expert testimony. Under Rule 26(a)(2)(B):

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (I) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

All such disclosures must be made pursuant to the timetable set forth in the trial court's scheduling order. Id. 26(a)(2)(c) ("A party must make these disclosures at the times and in the sequence that the court orders."). When a party fails to comply with the disclosure requirements of Rule 26(a), pursuant to Rule 37(c)(1), "[it] is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Id. 37(c)(1); see Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) (same). The burden to demonstrate harmlessness lies with the party facing Rule 37(c) sanctions. Yeti by Molly, 259 F.3d at 1107.

### 2. Plaintiff's disclosures violated Rule 26

To begin, the Court notes that Plaintiff does not dispute Defendants' allegation that Plaintiff's disclosure of Dr. Cummings as an expert does not substantively comply with Rules 26(a)(2)(iv)–(vi). Specifically, Defendants allege, and Plaintiff has not denied, that the disclosure lacks required information concerning Dr. Cummings' qualifications, including a list of all publications he has authored in the previous ten years, the trials Dr. Cummings has testified at in the last four years, and a statement of the compensation Dr. Cummings is being paid for his work in this case. See FED. R. CIV. PRO. R.26(a)(2)(iv)–(vi) Having viewed Plaintiff's Fourth Supplemental Disclosure Statement, the Court agrees that the disclosure of Dr. Cummings as an expert does not comply with Rule 26(a)(2).

Plaintiff does deny that his Fourth Supplemental Disclosure Statement, by failing to disclose the Cummings Report, violated the Court's scheduling order and, as a result, Rule 26(a)(3). In support of this claim, Plaintiff cites this Court to Yeti by Molly, Ltd. v. Deckers Outdoor Corp. In Yeti by Molly, the Ninth Circuit upheld a district court's decision to strike defendants' expert pursuant to Rule 37(c)(1) where the defendants, based on their mistaken

belief that plaintiff would further supplement its expert report, submitted their expert report a year after plaintiff first made its initial disclosure of the report. Id. at 1106. Rejecting the defendant's excuse for their untimely filing, the Ninth Circuit explained that "even if [defendants explanation was] true, defendants could have issued a preliminary report to be supplemented after [plaintiff's expert's] report had been modified or they could have asked for an extension of the discovery deadline." Id. Based on this passage, Plaintiff argues that his conduct did not violate Rule 26(a), characterizing the May 22, 2009, disclosure of the Cummings Report as merely an addendum to his timely preliminary disclosure.

Yeti by Molly, however, is clearly distinguishable from this case, as Plaintiff did not disclose a preliminary expert report that could later be supplemented, he merely disclosed that a report was forthcoming. Also, the fact that Plaintiff, by his own account, has been diligent in other areas of this case is irrelevant. All that matters for a rule 26(a)(2) analysis is whether or not Plaintiff met the deadlines ordered by this Court, and on this count, Plaintiff clearly "dropped the ball." The facts are clear; Plaintiff disclosed the Cummings Report on May 22, 2009, approximately one and a half months after the disclosure deadline. His conduct clearly violated this Court's Scheduling Order and, as a result, Rule 26(a)(2).

2. Plaintiff's violation of Rule 26 was not substantially justified

The Court turns next to the question of whether Plaintiff's failure to comply with Rule 26(a) was substantially justified. In defense of his actions, Plaintiff points out that his Fourth Supplemental Disclosure Statement notified Defendants of his intention to supplement the disclosure of Dr. Cummings with an expert report after Plaintiff's appointment with Dr. Cummings on April 27, 2009. In other words, Plaintiff claims his actions were substantially justified because he gave Defendants notice that the expert report would be late. Plaintiff also notes that he agreed to an accelerated discovery schedule, which made procuring Dr. Cummings' expert report in a timely manner difficult, as getting an appointment with Dr. Cummings prior to March 30, 2009, simply was not feasible.

These excuses may have been adequate grounds upon which to base a motion for an extension of the discovery disclosure deadline. None of them, however, whether viewed

separately or as a whole, constitute a substantial justification for failing to comply with this Court's Scheduling Order. Unexpected delays are common to litigation; the Court understands this reality. The unpredictable nature of litigation, however, does not excuse missed deadlines. Plaintiff knew that the Cummings Report would not be ready by the disclosure deadline. It was incumbent upon him, then, to notify this Court and ask for more time. See Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir.1998) (upholding district court's strike of plaintiff's expert where plaintiff made late disclosure and did not seek an extension of time). It was not up to Plaintiff to decide what amount of information, short of disclosing the Cummings Report, would satisfy the rules or be adequate for Defendants. Additionally, Plaintiff has offered no explanation for the substantive deficiencies in the Fourth Supplemental Disclosure Statement's disclosure of Dr. Cummings. Accordingly, this Court finds that Plaintiff's failures to comply with Rule 26(a)(2) were not substantially justified.

   3. Plaintiff's violation of Rule 26 is harmless

Having determined that Plaintiff's failures to comply with Rule 26(a)(2) were not substantially justified, the Court turns next to the question of harm. Defendants argue that Plaintiff untimely disclosure of the Cummings Report harmed them because their expert, Dr. Hartzler, was unable to review, consider, and/or responding to the Cummings Report in formulating his expert report. Plaintiff, on the other hand, counters that the Cummings Report did not contain any new data or underlying facts that had not been previously available to Dr. Hartzler. Additionally, Plaintiff urges that its late disclosure was harmless because Defendants still had ample opportunity to amend Dr. Hartzler's report.

The Court agrees with Defendants that Plaintiff's conduct unfairly and inappropriately forced Dr. Hartzler to prepare his expert report without being able to rely on the Cummings Report. Dr. Hartzler should have been given the opportunity to respond specifically to Dr. Cummings' conclusions and analysis of the relevant data. Absent such an opportunity, Defendant will certainly have been harmed by Plaintiff's conduct. The Court, however, finds that this potential harm can be avoided by a remedy less drastic than striking Dr. Cummings

and his repot.

Allowing Defendants an opportunity to submit an amended report will alleviate the potential harm caused by Plaintiff's actions. Cognizant of the expense employing experts entails, the Court also finds that requiring the Defendants to incur additional expenses having Dr. Hartzler's report supplemented would unfairly burden them. Accordingly, at the conclusion of this litigation, the Court will allow Defendants to file a motion to recoup any reasonable attorney's fees and costs incurred in amending Dr. Hartzler's report. Having so decided, the Court will not strike Plaintiff's expert due to the substantive deficiencies in the disclosure statement. As with the timeliness issue, any potential harm caused by Plaintiff's failure to disclose all the necessary information can be cured by allowing Plaintiff to amend its disclosure of Dr. Cummings.

Before concluding, the Court notes its displeasure with both Parties, finding that this matter should have and could have easily been resolved had the Parties demonstrated the requisite levels of communication and cooperation, and better adhered to the Court's rules. As soon as Plaintiff knew his disclosure would be incomplete, he should have notified Defendants and attempted to procure a joint stipulation concerning an extension of time. If that did not resolve the matter, Plaintiff should have filed a motion with this Court seeking an extension of time. Additionally, while certainly the less culpable of the Parties, Defendants could have followed the Court's rules and protocol regarding discovery disputes, bringing this matter to the Court' attention when it occurred. Moving forward, the Court urges the Parties to do their best to resolve disputes and narrow the issues on their own, turning to the Court and this Court's established procedures when they are unable resolve such problems.

///

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion to Strike Plaintiff's Expert, Dean Cummings, M.D. (Dkt. #36).

**IT IS FURTHER ORDERED** directing Plaintiff within ten days to file an amended disclosure statement concerning his expert, Dr. Cummings, that fully complies with Rule 26(a)(2). Should Plaintiff fail to so do, this Court will have no choice but to strike Dr. Cummings and his report. The Court also reminds Plaintiff that he may not amend Dr. Cummings report, he must merely bring the disclosure statement into compliance with Rule 26(a)(2).

**IT IS FURTHER ORDERED** directing Defendants, if they so choose, to file an amended version of Dr. Hartzler's expert report within fifteen days of this Court's receipt of the Plaintiff's amended disclosure statement concerning Dr. Cummings.

**IT IS FURTHER ORDERED** directing that after judgment has been entered in ths case, Defendants may file a motion for a reasonable award of attorney's fees and costs related to procuring an amended version of Dr. Hartzler's expert report.

DATED this 24th day of March, 2010.

_____
Mary H. Murguia
United States District Judge